IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURISSA A. F.,[1]<br><br>        Plaintiff,<br>  v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No.: 6:24-cv-00198-AN<br><br>OPINION AND ORDER |

       Laurissa A. F. ("Plaintiff") brings ther action seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction over Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons explained below, the Court affirms the Commissioner's decision.

## BACKGROUND

**I.    Plaintiff's Application**

       Plaintiff was born on September 14, 1980, making her 34 years old on her alleged onset date of January 1, 2015. Tr. 54. Plaintiff has a high school education and no past relevant work. Tr. 25. In her application, Plaintiff alleges disability due to "bipolar, depression, PTSD, anxiety, arthritis in hands and knees, [and] nerve pain." Tr. 55.

       The Commissioner denied Plaintiff's application initially and upon reconsideration. Tr. 75, 87. On June 14, 2023, Plaintiff appeared with counsel for a hearing

---

[1] In the interest of privacy, ther Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

before Administrative Law Judge ("ALJ") John D. Sullivan. Tr. 31-52. At the hearing, Plaintiff amended her alleged onset date to March 10, 2021, the date of her application. Tr. 36. On August 3, 2023, the ALJ issued a written opinion, finding Plaintiff not disabled. Tr. 15-26. The Appeals Council denied review. Tr. 1-6. Plaintiff now seeks judicial review of the ALJ's final decision.

## II.     Sequential Disability Evaluation

The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step sequential procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the burden for steps one through four, and then the burden shifts to the Commissioner at step five. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

The five-step evaluation requires the ALJ to determine: (1) whether a claimant is "doing substantial gainful [work] activity"; (2) whether the claimant has a "medically determinable physical or mental impairment" or combination of impairments that is severe and either lasts at least a year or can be expected to result in death; (3) whether the severity of the claimant's impairments meets or equals one of the various impairments specifically listed by Commissioner; (4) whether the claimant's residual functional capacity ("RFC") allows the claimant to perform her past relevant work; and (5) whether, given the claimant's RFC, age, education, and work experience, the claimant can make an adjustment to other work that "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1520(a), 416.920(a).

## III.    The ALJ's Decision

At step one, the ALJ determined that Plaintiff has not engaged in substantial

gainful activity since the date of her application, March 10, 2021. Tr. 17. At step two, the ALJ determined that Plaintiff suffered from the following severe, medically determinable impairments: post-traumatic stress disorder ("PTSD"), bipolar disorder, depression, bilateral hand and knee arthritis, and obesity. Tr. 18. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. *Id*. The ALJ then concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> [She can lift] 20 pounds occasionally and 10 pounds frequently; [carry] 20 pounds occasionally and 10 pounds frequently; [sit] for 6 hours and [stand and walk] for 6 hours; and can push/pull as she can lift/carry. [She] can operate hand controls with right hand frequently, and she can operate hand controls with left hand frequently. She can handle items frequently with the left hand and can handle items frequently with the right hand. She has fingering limitations frequently with the left hand and has fingering limitations frequently with the right hand. [She] can climb ramps and stairs occasionally, never climb ladders, ropes or scaffolds, kneel occasionally, crouch occasionally, and crawl occasionally. [She] is able to perform simple, routine tasks. [She] is able to make and perform simple work-related decisions. [She] is able to occasionally interact with he public, coworkers, and supervisors. [Her] Time Off Task includes in addition to normal breaks, off task 5 percent of time in an 8-hour workday.

Tr. 20. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 25. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as Folder (DOT# 369.687-018), a light level occupation with an SVP of 2 and 126,000 jobs available; Bench Assembler (DOT# 706.687-022), a light level occupation with an SVP of 2 and 88,000 jobs available; and Night Cleaner (DOT# 323.687-014), light level occupation with an SVP of 2 and 52,000 jobs available. Tr. 26. Therefore, the ALJ concluded that Plaintiff is not disabled. *Id*.

**STANDARD OF REVIEW**

The district court may set aside the Commissioner's denial of benefits only if the

ALJ's findings are "'not supported by substantial evidence or is based in legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The district court "cannot affirm the [ALJ's] decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record. *Id.* Where the record as a whole can support either the grant or denial of benefits, the district court "'may not substitute [its] judgment for the ALJ's.'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) failing to provide specific, clear and convincing reasons to reject her symptom testimony only as it relates to her mental impairments; and (2) failed to properly evaluate the medical opinion of Contessa Sisneros, PA. Pl.'s Opening Br. 2, ECF 10.

### I. Subjective Symptom Testimony

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of her symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the claimant must produce objective medical evidence of one or more impairments that could reasonably be expected to produce some degree of symptoms.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant need not show that the impairment could reasonably be expected to cause the severity of the symptoms, but only show that it could reasonably have caused some degree of the symptoms. *Id.*

Second, the ALJ must assess the claimant's testimony regarding the severity of the symptoms. *Id.* The ALJ can reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* Thus, the ALJ must specifically identify the testimony that they do not credit and must explain what evidence undermines the testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). In other words, the "clear and convincing" standard requires an ALJ to "show [their] work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

General findings are insufficient to support an adverse determination; the ALJ must rely on substantial evidence. *Holohan*, 246 F.3d at 1208. To discredit a plaintiff's testimony regarding the degree of impairment, the ALJ must make a "determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). The question is not whether ALJ's rationale convinces the court, but whether their rationale "is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

At the hearing, Plaintiff testified that she could not work on a regular, full-time basis because of her PTSD and bipolar disorder and their accompanying symptoms, such as anxiety and depression. Tr. 36. She testified that her anxiety forced her to quit her part-time job as a cashier after a few months because she kept getting overwhelmed due to the amount of people she interacted with and her responsibilities, such as counting and balancing her register. Tr. 38-40. She also testified that she left a similar part-time job with Dari Mart for the same

reasons, and that she has never been fired because of her anxiety, even though she has been reprimanded for absences. Tr. 40-41. Plaintiff stated that she has started taking Prozac, that she previously took Lamictal and Latuda, and that while she is undertaking counseling again, it has been "a year or two" since she last had counseling because it was too overwhelming for her. Tr. 44. When asked about how she spends her day, Plaintiff stated that she does not leave her home often, that she watches television, reads, plays on her tablet, goes to the grocery store when needed, and that she takes walks. Tr. 45. While she does take public transportation and grocery shop, she goes at times when there are less people around. *Id*. Lastly, according to her function, Plaintiff also reported suffering from memory issues. Tr. 258.

    The ALJ determined that the Plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 21. The ALJ discounted Plaintiff's subjective symptom testimony because: (1) her level of activity was inconsistent with her allegations; (2) she got better with treatment; and (3) her allegations were inconsistent with her medical records.

 **1. Daily Activities**

    An ALJ may rely on daily living activities as a basis for discounting subjective symptoms if the claimant's activities contradict his testimony or meet the threshold for transferable work skills. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). For daily activities to discount subjective symptom testimony, the activities need not be equivalent to full-time work; it is enough that the claimant's activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

Claimants do not, however, need to be utterly incapacitated to receive disability benefits, and an ability to complete certain routine activities is insufficient to discount subjective symptom testimony. *See id*. at 1112-13 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)). Further, the "ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

The ALJ discounted Plaintiff's subjective symptom testimony because despite her allegations of anxiety, memory issues, and becoming easily overwhelmed, she is able to follow written and spoken instructions well, care for her personal needs, grocery shop, take public transportation, attend to "indoor and outdoor chores," and has no issues getting along with friends, family, neighbors, and others. Tr. 21 (citing Tr. 256, 258) The ALJ also noted that Plaintiff worked different part time jobs for several months from 2021 to the beginning of 2023. Tr. 21 (citing Tr. 221-26). Here, however, Plaintiff's daily activities were not inconsistent with her testimony. The ALJ did not explain how Plaintiff's ability to perform these daily activities undermines her testimony that she cannot maintain full-time work. Neither did the ALJ find that Plaintiff spent a "substantial" portion of her day engaged in household chores or that these activities are transferrable to a work environment. *Ghanim v. Colmin*, 763 F.3d 1154, at 1165. Furthermore, Plaintiff stated she shopped for groceries and took public transportation at times when there would be less people, and that she left her part-time jobs because she was overwhelmed by her anxiety and had repeated absences for which she was reprimanded. Tr. 40-41, 45.

Because the ALJ did not connect these activities to any symptom or the degree of any symptom alleged by Plaintiff, this fails to provide a specific, clear and convincing basis upon

which to discount plaintiff's subjective symptom testimony. *See Felicia F. P. v. Comm'r Soc. Sec. Admin.*, Case No. 3:21-cv-00889-AR, 2023 WL 1991530, at *3 (D. Or. Feb. 14, 2023).

### 2. Treatment

An ALJ may discount a claimant's mental health-related symptom testimony because she improved with treatment. *Niemi v. Saul,* 829 F. App'x 831, 832-33 (9th Cir. 2020) (holding that the ALJ did not err in discounting the claimant's symptom testimony and noting that the ALJ observed that the claimant's "mental health challenges appeared to improve with counseling and medication"). However, discounting a claimant's mental health related symptom testimony based on evidence of improvement may still result in harmful error. The Ninth Circuit cautions that when "discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). That is, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances, it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Id.* (citing *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)).

Here, the ALJ relied on reports of the Plaintiff's symptoms not only improving over time but also that her symptoms were being well managed with treatment. Tr. 22-23. In the decision, the ALJ noted instances of Plaintiff's progress, such as when she reported "doing well" in April and May 2021, along with working part-time while looking for new employment, enjoying meeting her neighbors, and having a new boyfriend. Tr. 371-72, 375, 587, 589. The ALJ also noted that in June 2021, Plaintiff reported "everything to be positive," that she was going on a trip to the coast, and that she was keeping better track of her responsibilities. Tr. 585.

The following month, Plaintiff reported being excited to start her new job at McDonalds, and, in September, she took a trip to Six Flags. Tr. 787, 802. During these periods, Plaintiff also displayed normal behavior, judgment, thought content, and mood and affect. Tr. 612, 796, 810. She continued reporting doing well in December, and into March 2022. Tr. 812, 819. Also in March, Plaintiff moved to a new location, was still working, spoke about how "she has grown so much in the last few years" and "feeling stronger and happier." Tr. 820-23. In May, while Plaintiff reported financial stress due to her partner possibly losing his job and experiencing a night terror, in June she reported starting a new job and that her partner continues to work. Tr. 841-44. Plaintiff continued showing normal mood, affect, speech, behavior, thought content, cognition, memory, and judgment. Tr. 845. In August, Plaintiff reported being happy about becoming self-sufficient, that work was going well, and that she was planning a trip to an amusement park. Tr. 882. In January 2023, examination continued reporting normal mood, affect, attention, speech, behavior, thought content, cognition, and memory. Tr. 897. While Plaintiff reported dysphoric mood and behavioral problems in March 2023, she was normal upon examination. Tr. 905, 907. In June, she reported increased anxiety and depression, with normal behavior, memory, cognition, judgment, and speech. Tr. 932, 934.

    Plaintiff does not argue that this was not a legitimate basis for discounting her subjective symptom testimony.

    Given the Plaintiff's lack of argument, and the above records, the ALJ's finding that Plaintiff's mental health impairments improved with treatment is supported by substantial evidence. The ALJ did not err in discounting Plaintiff's subjective symptom testimony because her impairments improved with treatment. [2]

---

[2] Because the ALJ provided at least one valid reason for discrediting plaintiff's symptom testimony, this court need not resolve any other dispute regarding the ALJ's other bases for

**II.     Medical Opinions**

Plaintiff alleges that the ALJ failed to properly evaluate the medical opinion of Contessa Sisneros, PA. Pl.'s Opening Br. 6, ECF 10. Specifically, she argues that the ALJ failed to adequately evaluate the medical opinions for supportability and consistency. Pl.'s Opening Br. 6-10, ECF 10.

**A.     Legal standards**

For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68 (Jan 18, 2017). Under those revised regulations, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. §§ 404.1520c(a). The new regulations eliminate the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the new regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 404.1520c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence

---

discounting plaintiff's testimony, other than to note that had plaintiff challenged the other bases upon which the ALJ relied, and had there been error, such error would have been harmless. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (finding that the ALJ's reliance on invalid reasons was harmless error because the ALJ provided other valid reasons that support the ALJ's credibility determination); *e.g. Jones v. Saul*, 818 F. App'x 781, 781-82 (9th Cir. 2020) (holding that the ALJ provided clear and convincing reasons for discounting the claimant's testimony and thus "[a]ny error in the ALJ's additional reasons for discounting [claimant's] symptom testimony [were] harmless").

to support their opinions. *Id.* § 404.1520c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* § 404.1520c(c)(3). An ALJ is not, however, required to explain how she considered those secondary medical factors unless she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* § 404.1520c(b)(2)- (3). The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* § 404.1520c(c)(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). *Id.*

**B.     Contessa Sisneros, PA.**

Plaintiff argues that the ALJ improperly discredited Sisneros's opinion regarding all of her assessed functional limitations. The ALJ found that Sisneros's opinion was unpersuasive because it was inconsistent with, and unsupported by, the medical evidence. Tr. 24.

Sisneros has been treating Plaintiff since December 2019 and sees Plaintiff every one- to three-months. Tr. 939. Sisneros provided a medical opinion on June 15, 2023. *Id.* In her opinion, she noted that Plaintiff struggles with severe anxiety, rapid cycling bipolar disorder, depression, and PTSD, and that her mental health issues contribute to her physical health

concerns, such as binge eating, lack of motivation, and obesity which puts a physical strain on her body and contributes to chronic pain. *Id*. She further noted that Plaintiff experiences panic attacks, has anxiety when engaging in social activity or leaving her house, and decreased ability to control her emotions. *Id*. As for functional limitations, Sisneros opined that Plaintiff would have difficulty interacting with "people/public/strangers," could "possibly" struggle with working in coordination, or proximity to, coworkers, that she has struggled responding appropriately to supervisors in the past, and that she has become overwhelmed from criticism from those supervisors. *Id*. Sisneros also believed that Plaintiff's anxiety and depression would prevent her from doing complex tasks and following detailed instructions. *Id*. Physically, Sisneros opined that, due to chronic pain in multiple joints and in her spine, Plaintiff could work a sedentary job but would be unable to lift even five pounds frequently or stand for two hours in an eight-hour shift. *Id*. Plaintiff also suffers from worsening anxiety and depression making her incapable of working more than two days a month. *Id*.

The ALJ discounted Sisneros's medical opinion because it did not contain explanations for the findings, Plaintiff's reported activities refuted the assessed limitations, and it was inconsistent with the cited medical evidence. As will be discussed below, the Court disagrees that Sisnesros's opinion did not contain explanations. However, this Court agrees that Sisneros's opinion was inconsistent with other medical evidence of record.

First, Sisneros's opinion did contain explanations for her findings. For example, Sisneros noted that Plaintiff reported a history of fibromyalgia, chronic low back pain, osteopenia, and knee pain. Tr. 883-84. Plaintiff also complained of intermittent hand weakness, and suffered from arthralgias, fatigue, myalgias, and weakness due to pain. Tr. 376, 883. Given Plaintiff's BMI, Sisneros endorsed Plaintiff's obesity as a contributing factor to her chronic pain

and physical limitations. Tr. 906, 932, 939. While an ALJ "is not required to take medical opinions at face value," they are required to consider the medical record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020); *see also Garrison*, 759 F.3d at 1017 n.17. Given the explanation and records provided, lack of explanation is not supported by substantial evidence, and constitutes error.

While the above reasoning was unsupported by substantial evidence, the ALJ's second reason, that Sisneros's opinion was inconsistent with other medical evidence of record, is supported. Sisneros opined that Plaintiff should be limited to sedentary work, that she would be unable to lift even five pounds frequently, and that she could not stand for two hours in an eight-hour day. Tr. 939. However, Sisneros conducted no testing or examinations that would support these extreme limitations. In fact, Plaintiff has several normal physical examinations disputing Sisneros's findings. *See* Tr. 396, 403, 450, 897, 933. Even Sisneros's own treatment notes reflect mostly normal findings. *See* Tr. 907, 932. Furthermore, Plaintiff also reported going outside every day for walks or bike rides and could walk up to a mile before needing a break. Tr. 256-58. Sisneros further opined that due to Plaintiff's mental health, she experienced panic attacks, had anxiety engaging in social activity or leaving her house, was unable to control her emotions, and her anxiety and depression would not allow her to work more than two days a month. Tr. 939. Records show, however, that Plaintiff managed to work at several different jobs for substantially longer periods than two days a month, that she left her house daily for walks and bike rides despite anxiety at leaving her home, that she enjoyed getting to know her neighbors, that she went to Six Flags, and that she consistently reported getting better and doing well. *See* Tr. 256-58, 371, 375, 585, 587, 589, 787, 802, 812, 820. As for Plaintiff's inability to control her emotions and her panic attacks, there is no indication of a lack of emotional control and no

information regarding how frequently Plaintiff experienced panic attacks or how long they lasted. Furthermore, in Plaintiff's only consultative examination, the examiner found Plaintiff's ability to understand, retain, and follow instructions intact, her ability to sustain attention to perform simple, repetitive tasks intact, her ability to relate to others, including fellow workers and supervisors only mildly impaired, and her ability to tolerate the stress/pressures associated with day-to-day work activity moderately impaired. Tr. 602.

Thus, while Plaintiff argues for a different reading of the record, "the Court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Therefore, the ALJ's finding that Sisneros's opinion was unpersuasive is supported by substantial evidence.

## CONCLUSION

For the reasons set forth in this opinion, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 19th day of February, 2025.

*/s/ Adrienne Nelson*
Adrienne Nelson
United States District Judge